**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON**

----------------------------------------------------------x
| | |
|---|---|
| In re<br>SCI DIRECT, LLC | : Case No. 17-61735<br>:<br>: Chapter 11<br>: |
| Debtor and<br>Debtor-in-Possession | : Chief Judge Russ Kendig<br>:<br>: |
| (Employer Tax I.D. No. 27-1695346) | : |

----------------------------------------------------------x
| | |
|---|---|
| In re:<br>SUAREZ CORPORATION INDUSTRIES | : Case No. 17-61736<br>:<br>: Chapter 11<br>:<br>: Chief Judge Russ Kendig |
| Debtor and<br>Debtor-in-Possession | :<br>:<br>: |
| (Employer Tax I.D. No. 34-1132690) | : |

----------------------------------------------------------x
| | |
|---|---|
| In re<br>RETAIL PARTNER ENTERPRISES, LLC | : Case No. 17-61737<br>:<br>: Chapter 11<br>: |
| Debtor and<br>Debtor-in-Possession | : Chief Judge Russ Kendig<br>:<br>: |
| (Employer Tax I.D. No. 27-1695537) | : |

----------------------------------------------------------x

| In re | : | Case No. 17-61738 |
|---|---|---|
| MEDIA SERVICE CORPORATION | : | |
| | : | Chapter 11 |
| | : | |
| Debtor and | : | Chief Judge Russ Kendig |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 34-1185822) | : | |
| ----------------------------------------------------------x | | |

## APPLICATION OF THE DEBTOR FOR AUTHORITY TO RETAIN AND EMPLOY CRAIG T. CONLEY, ESQ. AS SPECIAL COUNSEL FOR THE DEBTORS

The above-captioned debtors and debtors in possession (the "Debtors"), hereby apply to the Court for the entry of an order authorizing the retention and employment of Craig T. Conley ("Special Counsel") as special litigation counsel for the Debtors, pursuant to section 327(e) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

In support of this Application, the Debtors respectfully represent as follows:

### Background

1. On August 7, 2017 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue of the Debtor's chapter 11 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

3. The Debtor started in business in 1968 when Benjamin Suarez ("Mr. Suarez") started a small business from his home which eventually became Suarez Corporation Industries ("SCI"), a large and formerly very successful direct marketing company.

4. Following many failures and limited successes, SCI became profitable in 1973 and experienced major growth during the 1990s and 2000s when SCI's annual sales went from approximately $16 million to over $200 million, reaching a high of over $400 million in 2008.

5. Then, like many American businesses, SCI's business suffered because of the 2008-2009 Great Recession. As it started to recover, in 2011, the federal government initiated an extensive investigation of alleged federal campaign finance law violations, which resulted in indictments in 2013 against SCI, Mr. Suarez, and SCI's chief financial officer, Michael Giorgio.

6. Following a month-long trial in 2014, Mr. Suarez was convicted on one count of attempted witness tampering and in January 2015 he began serving a fifteen-month sentence at a federal facility in West Virginia. Mr. Suarez was released in early 2016.

7. Stated plainly, SCI, already "wounded" by the nationwide economic downturn in 2008-2009, simply has not been able to financially recover from the significant expense and major distraction of the above-mentioned federal investigation and indictments, compounded by Mr. Suarez's lengthy absence from the business during his incarceration, unfortunately leaving it and its related entities insolvent and with no option other than bankruptcy to preserve its business and assets.

143705

**Request for Authority to Employ Special Counsel**

8. The Debtors desire to retain and employ Special Counsel as special counsel pursuant to section 327(e) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, to represent the Debtors as special litigation counsel to the Debtors in their chapter 11 cases.

9. Special Counsel is particularly well suited for the type of representation required by the Debtors, having represented the Debtors before the Petition date in many litigation matters over many years, and having expertise in all aspects of the law that may arise in the Debtors' business dealings.

10. The Debtors contemplate that Special Counsel will render legal services to the Debtors as the need for litigation counsel may arise. In particular, it is anticipated that Special Counsel, consistent with the delineation of responsibilities among the Debtors' professionals, will render the following legal services to the Debtors:

> (a) Assisting the Debtors in litigating adversary proceedings or contested matters that may arise in their chapter 11 cases, and related services.

11. The Debtors requires experienced and knowledgeable counsel to render these essential professional services. As noted above, Special Counsel has substantial litigation expertise and is well qualified to perform these services and represent the Debtors' interests in their chapter 11 case.

12. Subject to the Court's approval, Special Counsel will charge the Debtors for his legal services on an hourly basis with reimbursement of expense in accordance with his ordinary and customary hourly rates, as they may change from time to time, in effect on the date that such services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses incurred by Special Counsel. The rates for personnel that will be providing services to the Debtors are as follows:

      Craig T. Conley        $300.00/hour;

13.      Special Counsel has received $67,200.00 from the Debtors during the preceding twelve months from the Debtors for legal services rendered and expenses incurred and held $25,000.00 as a retainer on the Petition Date.

14.      To the best of the Special Counsel's knowledge, information and belief, other than in connection with the Debtors' case, Special Counsel has no connection with the Debtors, the Debtors' creditors, any other party in interest therein, its respective attorneys or accountants, the United States trustee, or any other party with an actual or potential interest in the Debtors' chapter 11 case, except as set forth below.

15.      Special Counsel has searched his client database and has determined that he has represented or represents only M. Conley Company and ProTech Security of the Debtors' creditors or other parties in interest in the Debtors' case.  See the Disclosure of Compensation and Verified Statement of Craig T. Conley (the "Verified Statement"), a copy of which is attached hereto as Exhibit A.  Except as described in the Verified Statement, Special Counsel does not represent, to the best of his knowledge, any of the Debtors' 20 largest unsecured creditors or other significant parties in interest in the Debtors' case.

16.      To the best of the Debtors' knowledge, information and belief, Special Counsel does not represent and does not hold any interest adverse to the Debtors and Special Counsel is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code, and his retention is in the best interests of the Debtors and their estate and creditors.

17.      Special Counsel will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned legal services.  Special Counsel intends to apply to the Court for compensation and reimbursement of expenses in accordance

-5-

143705

with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, and orders of this Court.

### Notice

18.     No creditors' committee has been appointed in the Debtors' chapter 11 cases. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee, (b) the Debtors' 20 largest unsecured creditors as identified in its chapter 11 petition, and (c) the Debtors' secured lenders. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

### No Previous Request

19.     No previous request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order in the form attached hereto as Exhibit B: (a) authorizing the Debtors to retain and employ Craig T. Conley to represent the Debtors as special corporate counsel, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014, and L.B.R. 2014-1; and (b) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., Ste. 100B
Canton, Ohio  44718
Telephone:  (330) 305-9700
Facsimile:  (330) 305-9713
E-mail:  ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE
DEBTORS AND
DEBTORS IN POSSESSION

-6-

143705

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, CANTON**

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Case No. 17-61735 |
| SCI DIRECT, LLC | : | |
| | : | Chapter 11 |
| | : | |
| Debtor and | : | Chief Judge Russ Kendig |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 27-1695346) | : | |
---------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Case No. 17-61736 |
| SUAREZ CORPORATION INDUSTRIES | : | |
| | : | Chapter 11 |
| | : | |
| | : | Chief Judge Russ Kendig |
| Debtor and | : | |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 34-1132690) | : | |
---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Case No. 17-61737 |
| RETAIL PARTNER ENTERPRISES, LLC | : | |
| | : | Chapter 11 |
| | : | |
| Debtor and | : | Chief Judge Russ Kendig |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 27-1695537) | : | |
---------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Case No. 17-61738 |
| MEDIA SERVICE CORPORATION | : | |
| | : | Chapter 11 |
| | : | |
| Debtor and | : | Chief Judge Russ Kendig |
| Debtor-in-Possession | : | |
| | : | |
| (Employer Tax I.D. No. 34-1185822) | : | |

---------------------------------------------------------x

**DISCLOSURE OF COMPENSATION AND VERIFIED STATEMENT OF
CRAIG T. CONLEY**

CRAIG T. CONELY states as follows:

1. I am a sole practitioner with offices located at 220 Market Ave., S., Ste. 604, Canton, Ohio 44702 ("Special Counsel"). I am a member in good standing of the Bar of the State of Ohio and am admitted to practice before the United States District Court for the Northern District of Ohio. I make this Statement (a) in support of the retention of Special Counsel as counsel for the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtors"); and (b) in accordance with section 327 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Special Counsel is willing to serve as special counsel for the Debtors and to accept compensation for professional services rendered and reimbursement of expenses incurred in accordance with the provisions of sections 328, 330, and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, and the General Orders in effect in this District. Special Counsel intends to charge for his legal services on an hourly basis together with reimbursement of expenses in accordance with its usual and customary billing practices.

143705

3. I have searched Special Counsel's database of client matters to determine if Special Counsel has or has had any relationship with the Debtors' creditors, the Debtors' other professionals, and the Debtors' secured lenders.

4. Based upon the foregoing search, I have determined that:

   (a) Special Counsel does not represent any of the Debtors' secured creditors;

   (b) Special Counsel does not represent any of the Debtors' 20 largest unsecured creditors; and

   (c) Special Counsel does not represent any creditor of the Debtors in matters relating to the Debtors but Special Counsel did represent ProTech Security and represents M. Conley Company in matters unrelated to the Debtors.

5. Except as noted above, insofar as I have been able to ascertain, Special Counsel holds or represents no interest adverse to the Debtors or their estates. Further, insofar as I have been able to ascertain, other than in connection with this chapter 11 case, Special Counsel has no connection (defined as a professional relationship) with the Debtors' creditors, any other party in interest herein, its respective attorneys or accountants, the United States trustee, or any other person with actual or potential interest in the Debtors' chapter 11 cases, or persons employed thereby. Accordingly, Special Counsel is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code.

6. No promises have been received by Special Counsel as to compensation or reimbursement of expenses in connection with the Debtors' chapter 11 case. Special Counsel has no agreement with any other entity to share with such entity any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

7. Special Counsel was paid $67,200.00 on account of prepetition services rendered to the Debtors and holds $25,000.00 on retainer for the Debtors.

-3-
143705

8.  The proposed employment of Special Counsel is not prohibited by, or improper under, Bankruptcy Rule 5002. Special Counsel is qualified to represent the Debtors in the matters for which Special Counsel is proposed to be employed.

9.  Special Counsel intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court and pursuant to any additional procedures that may be established by the Court in this case.

10. For the reasons set forth above, Special Counsel is qualified to act as special counsel for the Debtors. Special Counsel does not represent in connection with the Debtors' chapter 11 case, any other entity holding an interest adverse to the Debtors or their estates.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

11.     Special Counsel will continue to carry on further inquiries with respect to the matters contained herein and will file supplemental statements regarding this retention if any additional relevant information comes to his attention.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 4th day of August 2017

*(signature)*
Craig T. Conley

Sworn to before me by Craig T. Conley, this 4th day of August 2017.

*(signature)*
Notary Public
Mary P. Saylor
Commission expires 7/27/19

143705

-4-

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON**

```
-----------------------------------------------------------x
In re                                    :   Case No. 17-61735
SCI DIRECT, LLC                          :
                                         :   Chapter 11
                                         :
Debtor and                               :   Chief Judge Russ Kendig
Debtor-in-Possession                     :
                                         :
(Employer Tax I.D. No. 27-1695346)       :
-----------------------------------------------------------x
In re:                                   :   Case No. 17-61736
SUAREZ CORPORATION INDUSTRIES            :
                                         :   Chapter 11
                                         :
                                         :   Chief Judge Russ Kendig
Debtor and                               :
Debtor-in-Possession                     :
                                         :
(Employer Tax I.D. No. 34-1132690)       :
-----------------------------------------------------------x
In re                                    :   Case No. 17-61737
RETAIL PARTNER ENTERPRISES, LLC          :
                                         :   Chapter 11
                                         :
Debtor and                               :   Chief Judge Russ Kendig
Debtor-in-Possession                     :
                                         :
(Employer Tax I.D. No. 27-1695537)       :
```

```
-----------------------------------------------------x
In re                                           :   Case No. 17-61738
MEDIA SERVICE CORPORATION                       :
                                                :   Chapter 11
                                                :
Debtor and                                      :   Chief Judge Russ Kendig
Debtor-in-Possession                            :
                                                :
(Employer Tax I.D. No. 34-1185822)              :
-----------------------------------------------------x
```

### ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY CRAIG T. CONLEY AS SPECIAL COUNSEL FOR THE DEBTORS

This matter coming to be heard on the Application of the Debtors for Authority to Retain and Employ Craig T. Conley ("Special Counsel") as special litigation counsel for the Debtors (the "Application"), filed by the debtors and debtors in possession the above-captioned chapter 11 cases (the "Debtors"); the Court having reviewed the Application and the Disclosure of Compensation and Verified Statement of Craig T. Conley attached to the Application as Exhibit A (the "Verified Statement") and having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of this chapter 11 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Application and the Hearing was sufficient under the circumstance; and the Court having determined that the legal and factual bases set forth in the Application, the Verified Statement, and at the Hearing establish just cause for the relief granted herein;

8751

**IT IS HEREBY ORDERED THAT:**

1. The Application shall be, and hereby is, GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Application and the Verified Statement.

3. The Debtors is authorized to retain and employ Craig T. Conley as special counsel to represent the Debtors in their chapter 11 cases, pursuant to section 327(e) of the Bankruptcy Code or Bankruptcy Rule 2014, and the terms set forth in the Application.

4. Special Counsel shall be compensated for such services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court.

# # #

PREPARED BY:

Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., Ste. 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: ajdlaw@sbcglobal.net

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION